IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **CAROLINE DIANA PARKER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:23CV00001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARTIN J. O'MALLEY,** | ) | JUDGE JAMES P. JONES |
| **COMMISIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Vernon M. Williams,* WOLFE, WILLIAMS & AUSTIN, *Norton, Virginia, for Plaintiff; Mark J. Dorval, Special Assistant United States Attorney,* OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, *Baltimore, Maryland, for Defendant.*

In this social security disability case, I will accept the Report and Recommendation (Report) of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance under the Social Security Act (Act). The case was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Judge Sargent filed her 42-page Report on March 6, 2024, in which she recommended that the court affirm the Commissioner's decision denying benefits. Report 41, ECF No. 15. On March 15, 2024, the plaintiff filed a timely

Objection to the Report. The Commissioner has filed a Response to the Objection and accordingly the Objection is ripe for decision.

I.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, the court must uphold the factual findings and final decision of the administrative law judge (ALJ), upon which the Commissioner's decision was based, if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated, and the Commissioner's final decision must be affirmed. *Id*. But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id*. (internal quotation marks and citations omitted).

ALJs must consider the persuasiveness of the medical opinions and findings in a claimant's case. 20 C.F.R. § 404.1520c(b), (c)(1)–(5). The most important factors in evaluating the persuasiveness of these medical opinions and prior administrative medical findings are supportability and consistency, and the ALJ must explain how he considered these two factors in his decision. 20 C.F.R. § 404.1520c(b)(2). "Supportability" means "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." Revisions to Rules, 82 Fed. Reg. 5853 (Jan. 18, 2017); 20 C.F.R. § 404.1520c(c)(1). "Consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." Revisions to Rules, 82 Fed. Reg. 5853; 20 C.F.R. § 404.1520c(c)(2).

## II.

### A.

The Objection to the Report contains two assertions. First, the plaintiff contends that the ALJ failed to properly consider the medical opinion evidence of Yaiza Vidal Sostre, M.A. and her supervisor, Carol S. McCleary, Psy.D. Obj. 1–2, ECF No. 16. Second, the plaintiff argues that the ALJ did not properly consider the plaintiff's subjective mental and emotional allegations. *Id*. at 3–4. As to both claims, I agree with the magistrate judge.

The ALJ properly assessed the medical opinions of Sostre and McCleary. The plaintiff contends that the ALJ's residual functional capacity finding is inconsistent with Sostre's finding that Parker was moderately limited in her ability to perform work activities without certain accommodations. Further, the plaintiff contends that because the ALJ agreed with Parker that she is limited in some of the same areas in which Sostre found a moderate limitation, that he cannot then find that Sostre's use of the term "moderate" is vague. *Id*. at 1–2.

The ALJ's finding of a moderate limitation in some of the same areas in which Sostre found a moderate limitation does not preclude the ALJ from finding that the term "moderate" is vague. Admin. R. ALJ Dec. 51, ECF No. 7-1. Sostre employed a definition of moderate that is different from the definition in the regulations, noting "some problems that might be successfully dealt with through modifications or accommodations." *Id*. at Ex. 14F at 786. This definition is not vague merely because it departs from social security regulations, as regulations cannot be said to maintain a monopoly on clarity, but rather because the substance of the statement itself says as much or little as the reader may decide. To say that some problems might be successfully dealt with through modifications or accommodations is a truism that would have been unhelpful to the ALJ.

B.

There is a two-step framework for evaluating subjective symptoms. First, the ALJ must determine whether objective medical evidence presents "medically determinable impairments" that could reasonably be expected to produce the claimant's alleged symptoms. *Arakas v. Comm'r*, 983 F.3d 95 (4th Cir. 2020). Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether she is disabled. *Id*. The ALJ explicitly referenced this test in his analysis.

In assessing a claimant's residual functional capacity, the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before the residual functional capacity may be stated "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (internal quotation marks and citations omitted).

The ALJ's finding that the plaintiff had the residual functional capacity to perform medium work with some limitations was based on substantial evidence. Although the plaintiff contends that the "Magistrate Judge acknowledges this error, but finds it is unlikely to have changed the ALJ's findings," the plaintiff somewhat understates the significance of the magistrate judge's Report. Obj. 3, ECF No. 16.

What the magistrate judge wrote, and what the court adopts, is that "[w]hile the record does reflect that Dr. Clark ordered a follow-up appointment, there is also no indication in the record that Parker attended that appointment or ever saw Dr. Clark again." Report 38, ECF No. 15. Nowhere in the objection does the plaintiff point to evidence rebutting this fact.

Additionally, the ALJ wrote that "[w]hat these pieces of evidence suggest is that the claimant's symptoms may not exist at the level of severity assumed by the claimant's testimony at the hearing and may have other mitigating factors against their negative impact on the claimant's ability to engage in work activity." Obj. 4, ECF No. 16. The plaintiff makes much of the ALJ's use of the word "may," indicating that it means that the ALJ lacked sufficient evidence for his conclusions. But in fact, the ALJ explained that treatment for the plaintiff's symptoms had been "essentially routine, conservative and/or successful." Admin. R. ALJ Dec. 49, ECF No. 7-1. Additionally, the plaintiff did not require hospitalization or intensive outpatient care and reported improvement with medication. *Id*. Accordingly, the ALJ properly considered the supportability and consistency with the record of the plaintiff's alleged symptoms and based his findings on substantial evidence.

III.

It is **ORDERED** as follows:

1. The plaintiff's objections, ECF No. 16, are DENIED;

2. The magistrate judge's Report and Recommendations, ECF No. 15, is fully ACCEPTED;

3. The plaintiff's Motion for Summary Judgment, ECF No. 10, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 13, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER: March 27, 2024

/s/ JAMES P. JONES
Senior United States District Judge